UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MICHAEL JOE FRANSCOVIAK,

Plaintiff,

v.                                                CAUSE NO.: 3:18-CV-1036-PPS-MGG

SETH BARTON, et al.,

Defendants.

OPINION AND ORDER

Michael Joe Franscoviak, a prisoner without a lawyer, filed a complaint (ECF 1) against Deputy Sheriff Seth Barton, Deputy Sheriff Cody Foust, and Deputy Sheriff Robert Hartley. A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, pursuant to 28 U.S.C. § 1915A, I must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Franscoviak alleges that, in August of 2018, his criminal trial ended in a mistrial. A hearing was scheduled for September 18, 2018, but he did not receive notice of the hearing and did not appear at the hearing. Due to his failure to appear, a bench warrant was issued. On October 4, 2018, Deputy Sheriff Seth Barton, Deputy Sheriff Cody Foust, and Deputy Sheriff Robert Hartley broke and entered his home at 3:00 a.m. to serve the

warrant. Franscoviak does not allege whether or not law enforcement knocked and/or announced themselves prior to breaking into his home in the middle of the night.

Franscoviak argues that no warrant should have issued. The defendants named in the lawsuit, however, are not responsible for the issuance of the bench warrant. Franscoviak also argues that the officers should have served the warrant at some more reasonable hour – not 3:00 a.m. when him and his daughter were sleeping. While courts have held that serving a warrant in a home early in the morning does not necessarily violate the Fourth Amendment, those cases for the most part concern warrants served near sunrise, not 3:00 a.m. *See, e.g.*, *United States v. Thomas*, 429 F.3d 282, 286-87 (D.C. Cir. 2005) (making entry at 6:30 a.m. "was reason enough" to believe suspect would be home); *United States v. Bervaldi*, 226 F.3d 1256, 1267 (11th Cir. 2000) (officers who executed arrest warrant around 6:00 a.m. could presume suspect was at home absent evidence to the contrary about his schedule). But I cannot say that, as a matter of law, law enforcement's conduct here was reasonable.

Drawing all inferences in favor of Franscoviak, as I must at this stage of the litigation, I find he has stated a plausible claim. He does not allege that law enforcement knocked or announced themselves prior to breaking into his home. If they did not do so, then this would be a viable claim. *See Hudson v. Michigan*, 547 U.S. 586, 603 (2006) (Kennedy, J., concurring) (noting that even if a failure to knock and announce could not be a basis to suppress evidence, tort remedies remain for any such constitutional violation). Furthermore, Franscoviak says that officers came by his house in the afternoon several weeks before the events of October 4, 2018. During this alleged

encounter, Franscoviak says that he was washing dishes in the kitchen while his daughter was playing in the yard. He alleges that Deputy Barton arrived at his home, chased his daughter and then temporarily detained her in his vehicle—apparently without any justification. Thus, Franscoviak alleges facts which tend to show law enforcement knew he could be found at his house during the day, and that he had a young daughter who lived with him. Again, drawing all inferences in favor of the plaintiff, this makes the decision to execute the warrant at 3:00 a.m. at least potentially unreasonable and a violation of Franscoviak's Fourth Amendment rights. *See Gooding v. United States*, 416 U.S. 430, 464 (1974) (Marshall, J., dissenting) ("searches conducted in the middle of the night involve a greater intrusion than ordinary searches").

Franscoviak also alleges that the officers used excessive force against him during the encounter. Upon entering the home, officers found Franscoviak and his young daughter asleep. His daughter was clinging to him in fear, and Franscoviak explained to the officers that he needed to contact her mother to make arrangements for the child. When Franscoviak started to leave the room carrying his daughter, Deputy Sheriff Seth Barton tased him and deployed his K9. Franscoviak's daughter was forcibly removed from his arms, and Franscoviak was taken into custody. "A claim that an officer employed excessive force in arresting a person is evaluated under the Fourth Amendment's objective-reasonableness standard." *Abbott v. Sangamon Cty., Ill.*, 705 F.3d 706, 724 (7th Cir. 2013). The question in Fourth Amendment excessive use of force cases is "whether the officers' actions are objectively reasonable in light of the facts and circumstances confronting them, without regard to their underlying intent or

motivation." *Graham v. Connor*, 490 U.S. 386, 397 (1989). "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," *Bell v. Wolfish*, 441 U.S. 520, 559 (1979), the question is whether the totality of the circumstances justifies the officers' actions. *Graham*, 490 U.S. at 396. Here, additional fact finding may demonstrate that the force used against Franscoviak was objectively reasonable, but giving Franscoviak the inferences to which he is entitled at this stage of the case, I find that he has stated a claim of excessive force against Deputy Sheriff Seth Barton on October 4, 2018.

Thereafter, the officers searched Franscoviak's home even though they did not have a search warrant, only a bench warrant. The Fourth Amendment generally protects an individual's right to be free from warrantless intrusions into the home. *United States v. Foxworth*, 8 F.3d 540, 544 (7th Cir. 1993). When a warrant issues, officers must act within the scope of that warrant. *Lawson v. Veruchi*, 637 F.3d 699, 703 (7th Cir. 2011). Here, the complaint can be read to allege that the officers entered Franscoviak's home pursuant to a bench warrant, secured Franscoviak, and then searched his home without consent, a search warrant, or the presence of exigent circumstances. Giving Franscoviak the inferences to which he is entitled at this stage, he has alleged enough to proceed further on this claim.

For these reasons, the court:

(1) GRANTS Michael Joe Franscoviak leave to proceed against Deputy Sheriff Seth Barton, Deputy Sheriff Cody Foust, and Deputy Sheriff Robert Hartley for compensatory

and punitive damages for the execution of the arrest warrant at 3:00 a.m. on October 4, 2018, in violation of the Fourth Amendment;

(2) GRANTS Michael Joe Franscoviak leave to proceed against Deputy Sheriff Seth Barton for compensatory and punitive damages for using excessive force against him on October 4, 2018, in violation of the Fourth Amendment;

(3) GRANTS Michael Joe Franscoviak leave to proceed against Deputy Sheriff Seth Barton, Deputy Sheriff Cody Foust, and Deputy Sheriff Robert Hartley for compensatory and punitive damages for conducting a search on October 4, 2018, that fell outside the scope of the bench warrant authorizing Michael Joe Franscoviak's arrest, in violation of the Fourth Amendment;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Deputy Sheriff Seth Barton, Deputy Sheriff Cody Foust, and Deputy Sheriff Robert Hartley at the Pulaski County Sheriff's Department with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d);

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Deputy Sheriff Seth Barton, Deputy Sheriff Cody Foust, and Deputy Sheriff Robert Hartley to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on June 19, 2019.

/s/ Philip P. Simon  
PHILIP P. SIMON, JUDGE  
UNITED STATES DISTRICT COURT